IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID EARL HUNTER §
 §
Petitioner, §
 §
VS. §
 § NO. 3-08-CV-1169-N
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
 §
Respondent. §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner David Earl Hunter, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

On February 18, 2008, petitioner pled guilty to delivery of less than one gram of cocaine. The trial court deferred an adjudication of guilt and placed petitioner on community supervision for five years.[1] Although petitioner waived his right to appeal as part of the plea agreement, he nevertheless appealed his conviction. The appeal was dismissed for want of jurisdiction. *Hunter v. State*, No. 05-08-00300-CR, 2008 WL 2266229 (Tex. App.--Dallas, Jun. 4, 2008). A petition for discretionary review was filed on July 9, 2008, and is currently pending before the Texas Court of Criminal Appeals. Petitioner has not filed a motion for state post-conviction relief. Instead, he

---

[1] As part of his community supervision, petitioner was ordered to participate in a Substance Abuse Felony Punishment ("SAF-P") program. Petitioner is currently incarcerated in the Dallas County Jail awaiting transfer to a SAF-P facility.

challenges his conviction in federal court on the grounds that: (1) he was entrapped by the police; and (2) he was subject to discriminatory prosecution on the basis of his race, sex, and religion.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991); *Bautista*, 793 F.2d at 110.

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Petitioner never sought state post-conviction relief and his petition for discretionary review is still pending before the Texas Court of Criminal Appeals. Because the highest available state court has not yet considered petitioner's claims, his federal writ must be dismissed. *See Hilburn v. Nelms*, No. 3-03-CV-1240-H, 2003 WL 21529366 at *2 (N.D. Tex. Jul. 1, 2003), *rec. adopted*, (N.D. Tex. Jul. 18, 2003) (dismissing section 2254 habeas case on exhaustion grounds where petition for discretionary review was pending before Texas Court of Criminal Appeals).

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state remedies.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 30, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE